UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Half Inc. | File No. 25-CV-1041 (JMB/SGE) |
| Plaintiff, | |
| v. | ORDER |
| Robert Half Management Resources LLC, | |
| Defendant. | |

Christopher A. Young and Daniel J. Ballentine, Larkin Hoffman Daly & Lindgren Ltd., Minneapolis, MN, for Plaintiff Robert Half Inc.

This matter is before the Court on Plaintiff Robert Half Inc.'s motion for default judgment against Defendant Robert Half Management Resources LLC. (Doc. No. 18.) The Court held a hearing on September 16, 2025. (Doc. No. 24.) Christopher A. Young, of Larkin Hoffman Daly & Lindgren Ltd., appeared for Plaintiff. Robert Half Management Resources did not appear. For the reasons explained below, the Court grants the motion.

BACKGROUND

Plaintiff Robert Half Inc. ("RHI"), founded in 1948, is one of the world's largest specialty staffing agencies. (Compl. (Doc. No. 1) ¶ 13.) Since its founding, "RHI has used the name and mark ROBERT HALF alone or in combination with other words and/or design elements in connection with RHI's various employment placement, consulting and staffing services." (*Id.* ¶ 13.) RHI owns numerous marks incorporating ROBERT HALF ("RHI Marks"), registered with the United States Patent and Trademark Office, which it

1

uses to promote its business in the United States and worldwide. (*Id.* ¶ 14–16.) RHI has prominently featured the marks for years, expending significant time and resources to "ensur[e] that the public associates such marks exclusively with RHI." (*Id.* ¶ 17.) RHI uses the marks on its website, social media platforms, third-party job boards, and its advertising and promotional materials. (*Id.* ¶¶ 19, 22, 25.)

In July 2024, Lance Torbert[1] registered Defendant Robert Half Management Resources ("RHMR") LLC with the Minnesota Secretary of State and listed himself as the registered agent. (*Id.* ¶ 28.) RHI did not authorize or in any way permit RHMR LLC to use any portion of its name, much less an identical name to one of RHI's brands. (*Id.* ¶ 32.) RHI learned of RHMR's existence in November 2024, and sent a cease-and-desist letter to Tobert and RHMR LLC to which RHI has received no response. (*Id.* ¶¶ 32–33, 39–40.) This lawsuit followed.

RHI raises several claims: violations of the Lanham Act, unlawful trade practices, a violation of the Minnesota Deceptive Trade Practices Act, dilution of marks, trademark infringement, and unfair competition.

## DISCUSSION

A party seeking a default judgment first must obtain an entry of default from the Clerk of Court. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, RHI sought entry of

---

[1] The Court dismissed Lance Tobert from this lawsuit on May 23, 2025. (Doc. No. 12.)

default against RHMR LLC, which the Clerk of Court entered on June 9, 2025. (Doc. No. 15.)

After default has been entered, the party seeking affirmative relief "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Upon default, the factual allegations in the complaint are deemed admitted except those relating to the amount of damages. Fed. R. Civ. P. 8(b)(6). The Court must determine "whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2688 at 63 (3d ed. 1998)).

The Lanham Act grants the Court the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable." 15 U.S.C. § 1116(a). "[W]hether a permanent injunction should be entered as part of a default judgment requires consideration of the Eighth Circuit's *Dataphase* factors." *Allied Med. Training, LLC v. Knowledge2SaveLives LLC,* No. 19-CV-3067 (ECT/KMM), 2020 WL 3533469, at *2 (D. Minn. June 30, 2020) (citing *Magnum Rsch., Inc. v. Ho Feng Indus. Co.*, No. CV 03-6438 (JNE/JSM), 2005 WL 8164468, at *3 (D. Minn. Aug. 30, 2005)). Therefore, the Court considers four factors: (1) "the probability that movant will succeed on the merits;" (2) "the threat of irreparable harm to the movant;" (3) "the state of balance between this harm [to the movant] and the injury that granting the injunction will inflict on other parties litigant;" and (4) "the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). RHI demonstrates a likelihood of success on the merits,

3

as it is reasonable to assume that RHMR LLC intended to benefit from RHI's reputation and cause the public to believe that RHMR LLC is associated with RHI. The Court finds that RHI would suffer irreparable harm because RHMR LLC's use of the RHI Marks is almost certain to cause confusion among consumers. RHMR LLC has not submitted any response as to harm that it might face. Finally, the public interest disfavors creating confusion for consumers and infringing activities. *See Anheuser-Busch, Inc. v. Balducci Publications,* 28 F.3d 769, 776 (8th Cir. 1994). Thus, the Court determines that RHI is entitled to the relief it seeks.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Robert Half Inc.'s Motion for Default Judgment (Doc. No. 18) is GRANTED.

2. Defendant is immediately and permanently enjoined from using United States Trademark Registration Nos. 1,156,612 and 6,622,283, and any other trademark registration belonging to Plaintiff and using the phrase "ROBERT HALF" (collectively, the "RHI Marks") or that is likely to cause confusion, mistake, or to dilute the distinctiveness of the "RHI Marks."

3. Defendant is ordered to immediately destroy all infringing advertising, promotional materials, and merchandise, i.e., that which includes the phrase "ROBERT HALF" anywhere, and to destroy any and all means of producing such advertising and/or merchandise.

4. The Secretary of State of Minnesota is ordered to immediately and permanently deregister Robert Half Management Resources LLC, File Number 148576500027, as a Minnesota Limited Liability Company (Domestic).

5. Defendant is ordered to provide an accounting to Plaintiff of any profits it derived from its business operations while operating as RHMR LLC, and to

disgorge any and all such profits to Plaintiff within ten (10) days of this Order.

6. Defendant's infringement of Plaintiff's registered United States trademarks, including but not limited to Trademark Registration Nos. 1,156,612 and 6,622,283, is found to have been willful, deliberate, and in bad faith, thus supporting this Court's finding that this case is "exceptional" under the Lanhan Act. Pursuant to 15 U.S.C. § 1117, Plaintiff is therefore entitled to recover its reasonable attorneys' fees in an amount to be determined by this Court based on Plaintiff's submission of an affidavit including billing records. Plaintiff shall submit such affidavit and billing records within ten (10) days of this Order, and Defendant shall remit payment of Plaintiff's attorneys' fees within ten (10) days of this Court issuing an order stating the amount of Plaintiff's attorneys' fees to be paid.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 18, 2025

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court